Blatchford, C. J.
This is a suit in equity, brought for the infringement of letters patent granted to Charles Spofford and James H. Hoffman. The bill sets forth that Spofford and Hoffman are the sole legal owners of the patent; that Spofford, after the grant of the patent, entered into an agreemeht in writing with the plaintiff Goldsmith, whereby, among other things, he appointed Goldsmith his attorney, “and in his *240 place and stead to commence, prosecute, compromise, settle, release, conclude and enforce, by suit at law or in equity, any infringements of the rights secured to him, said Spofford, ” by said patent, by the defendant — all such suits to be brought in the name and at the cost of said Goldsmith; that Spofford thereby expressly covenanted and agreed that he would not do, in respect to the defendant, any of the acts which he thereby authorized Goldsmith to do; that Goldsmith is the sole lawful person to bring the bill, as to the interest in the patent vested in Spofford; that Hoffman and Spofford will receive large profits from the patent if infringement by the defendant be prevented. It prays for a discovery of profits and of damages. The bill is demurred to because Spofford is not made a party, and because Goldsmith is made a party.
It is provided by section 4919 of the Eevised Statutes that “damages for the infringement of any patent may be recovered by action on the case in the name of the party interested, either as patentee, assignee, or grantee.” Jurisdiction is given to the circuit courts, by section 629, of all suits in law or in equity arising under the patent laws. It is provided by section 4921 that, upon a decree being rendered in any case for an infringement, the complainant shall be entitled to recover, “in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby. ”
The clear purport of these provisions is that the party in interest must bring the suit, whether at law or in equity, in his own name, and cannot delegate the right to another person to bring the suit in the name of such other person, when the suit is not for the benefit in any way of such other person. It is a question of public policy. The defendant has a right to require that the real owner or party in interest shall be in court, so that the court may exercise a control over him, in the course of the suit, if necessary, to require him to do something which the rights of the defendant may require to be done. Goldsmith has no control as to the patent, or anything to be done under it, except to bring suits in respect°of Spofford’s interest.
*241 There is another respect in which it is against public policy to permit a suit like this to be brought. Goldsmith appears to be clothed with the entire discretion as to when and under what circumstances to bring suit, and when to compromise or settle for infringements. Spofford has stripped himself of all control in this respect, although he has the beneficial interest, and Goldsmith is not averred to have any. As was said by Judge Shipman, in Gregerson v. Imlay, 4 Blatchf. C. C. R. 503-6, this is “detrimental to the peace of society and the safety of individuals, and against public policy.”
The demurrer is allowed, with costs, but the plaintiffs may move, on notice, for leave to amend the bill.